**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3498-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCELLUS D. BARNES,

    Defendant-Appellant.

_____

Submitted July 13, 2017 — Decided July 24, 2017

Before Judges Yannotti and Haas.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 09-09-1815.

Joseph E. Krakora, Public Defender, attorney for appellant (Robert Carter Pierce, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marcellus D. Barnes appeals from an order entered by the Law Division on January 7, 2016, which denied his petition

for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

A Monmouth County grand jury returned an indictment, which charged defendant with second-degree sexual assault in violation of N.J.S.A. 2C:14-2(c)(4), by committing an act of sexual penetration upon J.S., while J.S. was at least thirteen years of age, and defendant was at least four years older than J.S. (count one); and third-degree endangering the welfare of a child in violation of N.J.S.A. 2C:24-4(a), by engaging in sexual conduct that would impair or debauch the morals of J.S. (count two). Thereafter, defendant was tried before a jury.[1]

At the trial, J.S. testified that around 8:00 a.m. on July 8, 2009, she called defendant and invited him to come over to her house because she was bored. J.S. knew defendant because he worked at a nearby pizzeria. J.S. was then fifteen years old, and she had a child who was one and one-half years old. Defendant was thirty years old. Previously, J.S. and defendant had spoken to each other, and they exchanged their phone numbers.

Around 9:00 a.m., defendant returned J.S.'s call and later he went to J.S.'s house. They watched television in J.S.'s bedroom.

---

[1] We refer to J.S. and others by their initials in order to protect their identities.

At some point, J.S. told defendant she wanted to do some "sexual things." Defendant was reluctant and wanted to leave, but J.S. insisted that he stay. She twice performed oral sex upon defendant, and they twice engaged in sexual intercourse.

At around 10:00 a.m., J.S.'s mother T.N. returned home. She testified that through the open bedroom window, which was located over the front door, she heard J.S. moaning in a sexual manner. T.N. also heard the baby screaming. T.N. grabbed a belt from her car, entered the house, went upstairs to J.S.'s bedroom, and observed J.S. and defendant engaging in sexual intercourse. The baby was lying nearby on the bed. T.N. recognized defendant as the deliveryman from the pizzeria. T.N. struck defendant on his back and buttocks with the belt.

T.N. tried to stop defendant from leaving, but he pushed his way past her and exited the house. T.N. called the police, and an officer from the Asbury Park Police Department responded to the house. The officer took J.S. to a hospital for a sexual assault nurse examination; however, J.S. refused all tests because she did not want to get defendant into trouble. She did, however, provide buccal swabs for DNA sampling.

The jury found defendant not guilty on count one (sexual assault), but guilty on count two (endangering the welfare of a child). The trial judge thereafter denied defendant's motion for

a new trial and sentenced defendant to parole supervision for life. The judge ordered defendant to comply with Megan's Law, N.J.S.A. 2C:7-1 to -23, and imposed appropriate fines and penalties.

The trial judge entered a judgment of conviction dated December 14, 2010. Defendant filed a direct appeal and raised the following arguments:

> POINT ONE
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON THE PROSECUTOR'S IMPROPER AND PREJUDICAL COMMENTS DURING SUMMATION AND OTHER ERRORS WHICH DEPRIVED DEFENDANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL.
>
> POINT TWO
> THE TRIAL COURT'S REFUSAL TO HOLD AN EVIDENTIARY HEARING REGARDING THE PROSECUTOR'S INTRODUCTION OF INFLAMMATORY TESTIMONY REGARDING RUMORS THAT DEFENDANT HAD AIDS WAS PREJUDICIAL ERROR MANDATING REVERSAL OF HIS CONVICTION.

We rejected these arguments and affirmed defendant's conviction. State v. Barnes, No. A-0587-11 (App. Div. Aug. 8, 2012) (slip op. at 11). The Supreme Court later denied defendant's petition for certification. State v. Barnes, 225 N.J. 340 (2016).

On August 25, 2014, defendant filed a pro se petition for PCR in the Law Division. The court appointed counsel to represent defendant, and PCR counsel filed an amended petition, alleging

that defendant did not have the effective assistance of trial and appellate counsel.

On January 7, 2016, the PCR judge, who had presided at the trial, heard oral argument on the petition and placed a decision on the record. The judge determined that defendant failed to show he was denied the effective assistance of appellate or trial counsel, and defendant was not entitled to an evidentiary hearing on his petition. The judge memorialized his decision in an order dated January 7, 2016, denying PCR. This appeal followed.

On appeal, defendant argues:

> POINT I:
>
> THE PCR COURT ERRED BY DENYING [DEFENDANT'S] PCR BECAUSE [DEFENDANT] ESTABLISHED BY A PREPONDERANCE OF EVIDENCE THAT HE WAS DEPRIVED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO COUNSEL'S FAILURE TO RAISE A JURY INSTRUCTION ISSUE DURING [DEFENDANT'S] DIRECT APPEAL, WHICH WOULD HAVE RESULTED IN THE REVERSAL OF HIS CONVICTION.
>
> POINT II:
>
> THE PCR COURT ERRED BY NOT ORDERING AN EVIDENTIARY HEARING ON [DEFENDANT'S] CLAIM THAT HE WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO INVESTIGATE [DEFENDANT'S] DEFENSE THAT THE VICTIM LEFT MESSAGES ON HIS CELL PHONE THAT WERE EXCULPATORY.

We turn first to defendant's contention that he was denied the effective assistance of appellate counsel because his attorney did not raise an issue regarding the trial judge's instructions to the jury on the endangering charge. Defendant contends that if appellate counsel had raised this issue on direct appeal, his conviction would have been reversed. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must meet the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to show that his or her attorney's performance was deficient. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

To do so, a defendant must establish that counsel's alleged acts or omissions fell "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

To satisfy the second prong of Strickland, the defendant "must show that the deficient performance prejudiced the defense." Ibid. The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

As noted previously, in count two of the indictment, defendant was charged with endangering the welfare of a child by engaging in "sexual conduct" with J.S. The record shows that on the first full day of deliberations, the jury sent the trial judge a question, which stated, "What is the definition of sexual conduct as it applies to count [two]?"

The judge responded by noting that the term "sexual conduct" is not specifically defined in the jury instructions or the relevant statute. The judge noted, however, that the term "clearly includes sexual assaults and sexual contacts." The judge added that engaging in vaginal intercourse or fellatio would meet "the definition of sexual conduct under the statute."

Defendant's trial attorney objected to the judge's response to the jury's question because the judge had mentioned "sexual contacts" rather than "sexual conduct." The judge stated that his response was based on a treatise, which states that the term "sexual conduct" is not defined in N.J.S.A. 2C:24-4, but the term

includes "sexual assaults and sexual contacts" as those terms are used in the Code of Criminal Justice. <u>See</u> Cannel, <u>New Jersey Criminal Code Annotated</u>, comment 2 on <u>N.J.S.A.</u> 2C:24-4 (2016-17).

Defendant argues that his appellate counsel should have argued on direct appeal that the trial judge erred by instructing the jury that defendant could be found guilty of endangering if he engaged in "sexual contacts." He contends that, based on the judge's instruction, the jury could have found him guilty of endangering merely because he engaged in some "sexual contact" with the victim. Defendant notes that the jury found him not guilty on count one, which charged sexual assault by committing an act of "sexual penetration."

The PCR judge determined that appellate counsel made a reasonable strategic choice not to raise this issue on direct appeal. The judge found that his initial instructions to the jury on the endangering charge were proper. He noted that the initial instructions were based on the model jury instructions and tailored to the evidence presented at trial.

The judge also found that his response to the jury's question as to the meaning of "sexual conduct" did not taint the initial instructions. The judge noted that he had clarified that if a person engaged in vaginal intercourse and fellatio, that would be sufficient to support a finding of "sexual conduct."

A-3498-15T1

The judge stated that while the jury found defendant not guilty of sexual assault, this was not evidence of jury confusion because verdicts in criminal cases need not be consistent. The judge said the verdict on the sexual assault charge might have been the result of jury leniency, mistake, or compromise.

The judge concluded that even if appellate counsel erred by failing to raise the issue on direct appeal, defendant did not suffer any prejudice as a result of the error. The judge stated that the argument that the response to the jury's question constituted reversible error lacked merit, and the result of the appeal would not have been different if defendant's attorney had raised the issue.

We are convinced that the PCR judge correctly determined that defendant had not been denied the effective assistance of appellate counsel. As the judge found, appellate counsel made the reasonable strategic choice to omit this argument and to focus on other arguments counsel deemed to have a better chance of success.

Furthermore, as the judge found, defendant has not shown that he was prejudiced by counsel's failure to raise this issue on direct appeal. Defendant did not show that if this issue had been raised, the appeal would have been decided in his favor. In his instructions to the jury, the judge noted that the State had charged that defendant endangered the welfare of J.S. by engaging

in "sexual conduct," specifically vaginal intercourse and fellatio.

The State did not allege that defendant had engaged in any other conduct, which constituted "sexual conduct." In addition, the judge had not mentioned "sexual contact" in his initial instructions, and that term had not been defined in the instructions. As the trial judge observed in addressing defense counsel's objection, the jury would not have had any "frame of reference" for the term "sexual contact."

Thus, viewed in their entirety, the instructions were accurate and adequately conveyed the applicable legal principles to the jury. State v. Reddish, 181 N.J. 553, 613 (2004). The record supports the PCR judge's finding that the reference to "sexual contacts" in his response to the jury's inquiry did not taint the initial instructions.

We therefore conclude that the PCR judge correctly found that defendant had not been denied the effective assistance of appellate counsel.

### III.

Defendant also argues that the PCR court erred by denying his request for an evidentiary hearing. He contends he presented a prima facie case of ineffective assistance of trial counsel. He argues that his trial attorney failed to investigate the contention

that J.S. had left messages on defendant's cell phone that were exculpatory. Again, we disagree.

A hearing on a PCR petition is only required when a defendant establishes "a prima facie case in support of [PCR]," the court determines that there are disputed issues of material fact "that cannot be resolved by reference to the existing record," and the court finds that "an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 355 (2013) (noting that under Rule 3:22-10(b), an evidentiary hearing on a PCR petition is only required when a defendant presents a prima facie case for relief).

In support of his petition, defendant submitted a certification in which he stated that during his videotaped statement, he provided the Asbury Park Police detective with certain text messages on his cell phone. He stated that he had more than one hundred text messages on the phone. He also claimed that, at his bail hearing, he asked for his phone so that he could retrieve allegedly exculpatory text messages that J.S. sent to him. The prosecutor denied the request because the phone was evidence.

Defendant also stated that he informed his trial attorney about the phone and the alleged exculpatory evidence it contained. He claims his attorney did not obtain the phone or investigate

11

whether it contained messages from J.S. Defendant noted that the prosecutor's office had performed a forensic examination of the phone in attempt to retrieve child pornography. According to defendant, the prosecutor did not attempt to retrieve J.S.'s text messages.

In addressing this issue, the PCR judge observed that the State had provided the defense with the forensic report, and the detective's narrative report stated that no text messages had been discovered on defendant's cell phone. The judge concluded that because defendant's attorney was told that the alleged exculpatory material did not exist, trial counsel had no reason to obtain defendant's cell phone. The judge thus rejected defendant's claim that his attorney was deficient because he failed to investigate this claim.

The judge also found that defendant was not prejudiced by counsel's failure to investigate. The judge noted that J.S. had been a reluctant witness. J.S. testified at trial that she performed oral sex on defendant, and she and defendant engaged in sexual intercourse. Based on her testimony, the jury could find that the sexual relations were consensual.

The judge pointed out that T.N., J.S.'s mother, had corroborated J.S.'s testimony. The judge stated that whatever J.S.

may have said to defendant in her text messages would not have altered the jury's verdict on the endangering charge.

On appeal, defendant argues the PCR judge erred by finding that his trial attorney was not obligated to undertake an investigation of the messages that J.S. allegedly left on his cell phone. He asserts that the State's forensic report indicates that the State used software to examine the phone for "contacts, images, and videos." He claims that the State did not use the software to analyze the phone for text messages.

We are convinced, however, that the PCR judge correctly found that defendant has not been denied the effective assistance of trial counsel. As noted, the detective's narrative report stated that no text messages had been found on the phone. Even if defendant's counsel erred by failing to obtain the cell phone, defendant has not shown that he was prejudiced by the error.

As the PCR judge noted, J.S. testified at trial that she twice performed oral sex upon defendant, and she and defendant twice had sexual intercourse. J.S. was a reluctant witness, and she did not want to get defendant into trouble. Moreover, T.N. testified that she entered J.S.'s bedroom and found J.S. and defendant engaging in sexual intercourse. Therefore, it is highly improbable that J.S.'s alleged text messages would have led the

jury to reject J.S. and T.N.'s trial testimony and return a different verdict on the endangering charge.

We conclude that the record supports the PCR judge's finding that defendant had not presented a prima facie case of ineffective assistance of counsel. The PCR judge correctly found that defendant was not entitled to an evidentiary hearing on his petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14